THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Consumer Affairs, Respondent,
 
 

v.

 
 
 
 
 Vision
 Financial Management, LLC and Nelzarie Wynn, as an individual, Appellants.
 
 

Appeal From the Administrative Law Court
The Honorable Carolyn C. Matthews 

Unpublished Opinion No.  2010-UP-442
 Submitted June 16, 2010  Filed October
13, 2010

REVERSED

 
 
 
 Randall Scott Hiller, of Greenville, for
 Appellants.
 Carolyn Grube Lybarker, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Vision Financial Management, LLC and
 Nelzarie Wynn (Appellants) appeal from an order of the Administrative Law Court,
 which required them to refund the money they collected from consumers for
 credit counseling services Appellants provided in violation of the Consumer
 Credit Counseling Act. Appellants contend the Administrative Law Court does not
 have the power to grant the Department of Consumer Affairs a refund.  We agree
 and reverse that portion of the order based on Rule 220(b)(1), SCACR, and the
 reasoning set forth in South Carolina Department of Consumer Affairs v.
 Foreclosure Specialists, Inc., Op. No. 4749 (S.C. Ct. App. filed September
 29, 2010).[1]
REVERSED.[2]
FEW, C.J., THOMAS
 and PIEPER, JJ., concur.

[1] Because we find the Administrative Law Court did not
 have the authority to order the refund, we need not address whether Nelzarie
 Wynn, individually, is responsible for paying the refund.  Whiteside v.
 Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889
 (1993) (finding the appellate court need not address all issues when decision
 on a prior issue is dispositive).  To the extent Wynn argues she is not
 responsible for any relief ordered beyond the refund, we deem the issue has
 been abandoned on appeal.  See R & G Constr., Inc. v. Lowcountry
 Reg'l Transp. Auth., 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000)
 (holding that an issue is abandoned when the appellant's brief treats it in a
 conclusory manner).   
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.